UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SALLY KIRSHENBAUM,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GE MONEY BANK, NATIONAL ENTERPRISE SYSTEMS, TATE & KIRLIN ASSOCIATES, NORTHLAND GROUP, INC., CAPITAL MANAGEMENT SERVICES, LP, DYNIA & ASSOCIATES LLC, STELLAR RECOVERY, INC., ALLIED INTERSTATE, LLC, J.C. CHRISTENSEN AND ASSOCIATES, INC. and ARROW FINANCIAL SERVICES LLC,<br><br>　　　　　Defendants. | C.A. NO.: 14-294 |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, the defendant J.C. Christensen and Associates, Inc. ("JCC"), hereby remove to this Court the above-entitled action based upon the following supporting grounds:

1.   On or about May 21, 2014, Sally Kirshenbaum ("the Plaintiff") filed the above-entitled action in the Rhode Island District Court, Sixth Division (Providence), captioned *Sally Kirshenbaum v. GE Money Bank et al*, Civil Action No. 2014-4861.  A copy of the Complaint, and all other pleadings and process served on JCC are attached as Exhibit A.

2.   On May 27, 2014 the JCC was served with a copy of the Complaint.

3.   Removal is timely under 28 U.S.C. § 1446(b), as no more than 30 days have elapsed since the Removing Defendants were served with process. *See, e,g.*, *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other

authority-asserting measure stating the time within which the party served must appear and defend").

4. In his Complaint, Plaintiff has asserted, *inter alia*, claims under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.,* and the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. (Exhibit A, p. 2 ).

5. The FDCPA contains a jurisdictional provision providing the United States District Courts with original jurisdiction over claims brought pursuant to its provisions, and provides as follows: "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regarding to the amount in controversy… within one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d).

6. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over this matter as the Plaintiff's claims under the FDCPA and TILA arise under the laws of the United States. Additionally, Plaintiff's state law claims relate almost exclusively to those claims under the FDCPA, and do not raise novel or complex issues of state law or otherwise predominate over Plaintiff's claims under the FDCPA and FCRA.  Accordingly, this Court has supplemental jurisdiction over all other related claims pursuant to 28 U.S.C. § 1367(a). *See, e.g.*, *Krasnor v. Spaulding Law Office*, 675 F. Supp. 2d 208, 213-14 (D. Mass. 2009) (exercising supplemental jurisdiction over invasion of privacy claim related to plaintiff's FDCPA claim)

7. Removal of this action to this Court is permissible under the provisions of 28 U.S.C. § 1441 in that it is a civil action founded on a claim or right arising under the laws of the United States. *See, e.g.*, *Fallas v. Cavalry SPV I, LLC*, 2013 WL 1811909 at *1 (D.N.J. Apr. 29, 2013) (on removal, court had "federal question jurisdiction…based upon the FDCPA claims");

*Young v. American Servicing, Co.*, 2011 WL 5102423 at *1 (E.D. Mo. Oct. 27, 2011) ("plaintiff alleges violations… of the FDCPA … Thus, the federal courts have original jurisdiction of the action, and it can be removed")

8. Furthermore, the state causes of action are so related to the claim under 47 U.S.C. § 227 that they form part of the same case or controversy under Article III of the United States Constitution.

9. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff and will be filed with the Clerk of Courts for the Rhode Island District Court, Sixth Division (Providence), following the filing of this Notice.

10. In submitting this Notice of Removal, the Removing Defendants reserves all defenses.

11. The following Defendants have consented to removal of this matter: (1) GE Money Bank n/k/a Synchrony Bank; (2) National Enterprise Systems; (3) Tate & Kirlin Associates, (4) Norland Group, Inc.; (5) Capital Management Services, LP; (6) Dynia & Associates, LLC; (7) Stellar Recovery, Inc.; and (8) Allied Interstate, LLC. (See Exhibits B through I).

12. Upon information and belief based upon representations made by corporate counsel for Arrow Financial Services, LLC's corporate parent, Arrow Financial Services, LLC has not yet been served in this matter.

WHEREFORE, the defendant, J.C. Christensen and Associates, Inc. hereby removes this action from the Rhode Island District Court, Sixth Division (Providence), to the United States District Court for The District of Rhode Island.

|  |  |
|---|---|
|  | J.C. CHRISTENSEN AND ASSOCIATES, INC |
|  | By: Its Attorneys |
|  | */s/ Ranen S. Schechner* |
|  | Ranen S. Schechner, RI Bar #6943 |
|  | rschechner@hinshawlaw.com |
|  | HINSHAW & CULBERTSON LLP |
|  | 321 South Main Street |
|  | Providence, RI 02903 |
|  | 401-751-0842 |
|  | 401-751-0072  (facsimile) |
| Dated:     June 26, 2014 |  |

## CERTIFICATE OF SERVICE

I, Ranen S. Schechner, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Ranen S. Schechner*
Ranen S. Schechner