**EXHIBIT A**



**STATE OF RHODE ISLAND
DISTRICT COURT**

**SUMMONS**

| DIVISION | COUNTY | CIVIL ACTION - FILE NO. |
|---|---|---|
| SIXTH | PROVIDENCE | M-4861 |

| PLAINTIFF | PLAINTIFF'S ATTORNEY |
|---|---|
| SALLY KIRSHENBAUM | |
| **VS** | ADDRESS: 60 JONATHAN WAY, CRANSTON RI 02921 |
| DEFENDANT: J.C. CHRISTENSON AND ASSOCIATES | DEFENDANT'S ADDRESS: PO BOX 519, SAUK RAPIDS, MN 56379 |

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to serve upon the plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. Your answer must be made within 20 days after service of this summons, exclusive of the date of service. The original must be filed in writing with this court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| DATE | CLERK |
|---|---|
| MAY 2, 2014 | Lorraine Alonso — CLERK SIXTH DIVISION DISTRICT COURT |

SEAL OF THE DISTRICT COURT

DATE RECEIVED

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this summons and a copy of the complaint received herewith upon the above-named defendant by delivering or leaving said papers in the following manner:

☐ to the defendant personally.
☐ at his dwelling house or usual place of abode at the address entered below, with a person of suitable age and discretion then residing therein.
☐ to an agent named below authorized by appointment or by law to receive service of process.
☐ Further notice as required by statute was given as noted on the reverse side.

ADDRESS OF DWELLING OR USUAL PLACE OF ABODE

NAME OF AUTHORIZED AGENT OR PERSON OF SUITABLE AGE

| DATE | DEPUTY SHERIFF/CONSTABLE |
|---|---|
| | |

032D (6/84)

SERVICE FEE $ _____

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

DISTRICT COURT, SIXTH DIVISION  CA #: 14-4861
One Dorrance Plaza
Providence, Rhode Island 02903

PLAINTIFF
SALLY KIRSHENBAUM

v.

DEFENDANTS

1. GE MONEY BANK
P.O. Box 981127
El Paso, TX 79998-1127

and

2. NATIONAL ENTERPRISE SYSTEMS
29125 Solan Road
Solan, OH 44139-3442

and

3. TATE & KIRLIN ASSOCIATES
2810 Southampton Road
Philadelphia, PA 19154-1207

and

4. NORTHLAND GROUP INC.
P.O. Box 390846
Minneapolis, MN 55439

and

5. CAPITAL MANAGEMENT SERVICES, LP
726 Exchange Street, #700
Buffalo, NY 14210

and

6. DYNIA & ASSOCIATES LLC
4849 North Milwaukee Avenue, Suite 801
Chicago, IL 60630

1

and

7. STELLAR RECOVERY, INC
1327 Highway Two West, Number 100
Kalispell, MT  59901-3413

and

8. ALLIED INTERSTATE, LLC
P.O. BOX 4000
Warrenton, VA  20188

and

9. J.C. CHRISTENSEN AND ASSOCIATES, INC.
P.O. BOX 519
Sauk Rapids, MN  56379

and

10. ARROW FINANCIAL SERVICES LLC
5996 West Touhy Avenue
Niles, IL  60714-4610

COMPLAINT

1. On June 22, 2007, Plaintiff purchased a television set for $2,272.48 and accessories for $171.19 for a total of $2,443.67 from Bernie's, a large, multi-unit retailer of such items at its then local store, 920 Bald Hill Road, Warwick, Rhode Island, 02886.

2. This purchase was made with the understanding and agreement that the merchandise was returnable and refundable at Plaintiff's option.

3. The merchandise was delivered to Plaintiff's residence in Cranston, Rhode Island, 02920, on or about June 24, 2007.

4. Plaintiff immediately notified Bernie's that she did not like the sharpness of the picture and asked Bernie's to take back the set and accessories, which it did.

5. Bernie's was also instructed to cancel the two bills, totaling $2443.67, which it agreed it would do.

6. Bernie's issued two credits totaling $2,443.67, leaving a balance of $0.

7. Thereafter, on December 1, 2007, Plaintiff purchased another television set and accessories from Bernie's, which was delivered on or about December 3, 2007, for $2,417.14. Plaintiff paid in full for this new merchandise of $2,417.14 on her CapitalOne credit card.

8. Despite the return of the first TV set and accessories, and receiving full credit for these purchases, and payment in full for the second TV set and accessories, Plaintiff began receiving bills and/offers to settle from Defendant GE Money Bank, from July 10, 2007 through April 4, 2008, ranging from $2,781.61 to $411.46 to $450.57 to $490.54.

9. Plaintiff then received a bill from Defendant Arrow Financial Services LLC, dated April 7, 2008, for the same account claiming $537.09.

10. Plaintiff then received another bill from Defendant Arrow Financial Services LLC on May 23, 2008, claiming $550.03.

11. Plaintiff then received another bill from Defendant Arrow Financial Services LLC on June 9, 2008, for $561.18.

12. Plaintiff then received another bill from Defendant Arrow Financial Services LLC on May 4, 2009, in the amount of $616.21.

13. Plaintiff then received a bill from Defendant National Enterprise Systems, dated November 24, 2008, re Arrow for GE Money Bank, claiming $616.21.

14. Plaintiff then received a letter from Tate & Kirlin Associates dated July 27, 2009, claiming $703.23, but offering to settle for $281.28.

15. Plaintiff then received a letter from Tate & Kirlin Associates dated September 16, 2009, claiming $703.23, but offering to settle for $351.62.

16. By letter dated October 10, 2009, Plaintiff replied to Tate & Kirlin Associates stating she would not pay anything to it because she did not owe anything to Bernie's. Further, in that letter, Plaintiff requested that it furnish and forward to Plaintiff copies of all communications and any other materials sent to Plaintiff from Arrow Financial Services LLC and Bernie's, which it did not do. 1

17. On November 7, 2009, Plaintiff sent a second letter to Tate & Kirlin Associates, including the bill from Capitol One showing that the second television set had been paid in full. Also, Plaintiff noted that if any of the credit bureaus had been notified of the alleged outstanding transaction, then the credit bureaus should be instructed to delete these accounts from their records.

18. Plaintiff sent a third letter, dated January 13, 2010, to Tate & Kirlin Associates, insisting
    a. that she owed nothing to Bernie's or its successors, GE Money Bank and/or collection agents Arrow Financial Services and National Enterprise Systems, and Northland Group Inc. and Capital Management Services, LP

3

      b. that the credit bureaus be notified that nothing is owing, and

      c. that Plaintiff would sue the Defendants for libel and harassment, if her demands were not met

19. This account was placed with Transunion, a national credit bureau, in July 2008 by Arrow Financial Services LLC on behalf of GE Money Bank and is still outstanding (which shows adversely on Plaintiff's credit reports as of 8/2/10).

20. Bernie's is, or was, the subject matter and involved in a Federal bankruptcy proceeding or State Court Receivership proceeding, so it is not being made a party to this Action.

21. Sometime in 2007, the Defendant Arrow Financial Service, LLC, advised Transunion, a nationally known credit bureau, that Plaintiff owed GE Money Bank the amount of $530.00, which had a status of an "collection account" with the remark that the matter "had been placed for collection" in March 2008, that the matter was in the hands of an attorney for the collection agency and the matter would be removed from its records in July 2014.

22. Sometime in 2007, the Defendant GE Money Bank advised Transunion, a nationally known credit bureau, that Plaintiff owed it the amount of $530.00, which had a payment status of 90 days past due with the "remarks: account information disputed by consumer, maximum delinquency of 90+ days occurred in November 2007 for $334.00 and that the matter would be removed in July 2014 charged off as a bad debt."

23. Sometime in 2007, the Defendant GE Money Bank advised Equifax and Experian, both national credit bureaus, of the alleged overdue debt.

24. The Defendant, GE Money Bank, advised Equifax and Experian, that Plaintiff owed Bernie's the amount of $411.00, that the account was 90-119 days past due, consumer disputes this account information, charges first payment never received.

25. Plaintiff states that one or more or all of the Defendants have wrongfully and impaired Plaintiff's credit standing and have harassed Plaintiff since June 2007, with the constant wrongful billings, and have tried to collect on a non-existent claim.

26. Plaintiff then received a letter dated April 17, 2013, from Stellar Recovery, making demand for $854.69 re LVNV Funding LLC on behalf of creditor TRAK AMERICA, but willing to accept less.

27. Plaintiff then received letters dated February 1, 2013, June 25, 2013, September 9, 2013, October 11, 2013, November 12, 2013, and December 15, 2013, from Allied Interstate LLC, making demand for $666.06, but willing to accept less, on behalf of Resurgent Capital Services LP and LVNV Funding LLC.

28. Plaintiff received a letter dated March 14, 2014, from J.C. Christensen and Associates Inc on behalf of GE Money Bank and LVNV Funding LLC and Bernie's Audio/Video, making demand for $698.07, but willing to accept less in settlement.

29. Plaintiff then received a letter dated Mach 19, 2014, form J.C. Christensen and Associates Inc., forwarding a dispute form for the Plaintiff to fill out and return.

30. Plaintiff then received a letter dated April 19, 2014, from J.C. Christensen and Associates Inc., forwarding a second dispute form.

31. Plaintiff then received letters from Northland Group, dated April 19, 2010, May 19, 2010, and October 14, 2010, demanding $703.23 but willing to accept less in settlement.

32. Plaintiff then received letters dated March 9, 2011 and May 18, 2011 from Capital Management Services, LP, demanding $703.23, but willing to take less in settlement. On May 26, 2011, Plaintiff replied that she would not pay anything.

33. Plaintiff then received a letter from Dynia and Associates, dated December 21, 2012, demanding $834.47, but willing to accept less in settlement.

WHEREFORE, Plaintiff brings this Action against the ten named Defendants for

a. libel and harassment.

and b. intentional and/or unintentional violations of the Federal Truth in Lending and Fair Debt Collection Acts and related laws in not forwarding the information requested by the Plaintiff to the Plaintiff and for impugning her credit standing and has harassed Plaintiff since June 2007 with the contested wrongful billings.

and c. seeking money from Plaintiff on a non existent bill

and d. seeking punitive damages for such actions

and seeks judgement against the Defendants for a combined amount within the Jurisdiction of this Court

Plaintiff,

May 23, 2014

*Sally Kirshenbaum* (signature)
Sally Kirshenbaum, Pro Se
60 Jonathan Way
Cranston, Rhode Island  02920
401/942-3077

5

A copy of the above Complaint and a copy of the Summons were mailed to each of the ten named Defendants at their addresses as indicated, by certified mail, return receipt requested on May 23, 2014.

*Sally Kirshenbaum*
Sally Kirshenbaum



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE