UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


SALLY KIRSHENBAUM,

        Plaintiff,

v.                                                                                            C.A. No. 14-294

GE MONEY BANK, NATIONAL ENTERPRISE
SYSTEMS, TATE & KIRLIN ASSOCIATES,
NORTHLAND GROUP, INC., CAPITAL
MANAGEMENT SERVICES, LP, DYNIA &
ASSOCIATES LLC, STELLAR RECOVERY, INC.,
ALLIED INTERSTATE, LLC, J.C. CHRISTENSEN AND
ASSOCIATES, INC., and ARROW FINANCIAL SERVICES
LLC,

        Defendants.


**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants', National Enterprise Systems ("National"), Northland Group, Inc., ("Northland"), Capital Management Services, LP ("Capital"), Dynia & Associates ("Dynia"), and Tate & Kirlin Associates ("Tate") (collectively "Moving Defendants") motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Docket ## 3,4. For the reasons stated herein, the motions are granted.[1]

---

[1] Plaintiff's responses to the motions were due on July 28, 2014. On August 28, 2014, one month out of time, Plaintiff filed her response to both of the motions. See Motion and Objection; Docket at # 9. Plaintiff objects to the motions to dismiss "as set forth in Plaintiff's Motion dated July 14, 2014." Id. The Court is not in receipt of any filing by Plaintiff dated July 14, 2014.

1

I. Background

On or about May 23, 2014, Plaintiff, acting pro se, filed this action.[2] The complaint alleges that, on June 22, 2007, Plaintiff purchased a television set and accessories for $2,443.67 from Bernie's, a retail appliance store, in Warwick, Rhode Island. The merchandise was delivered to Plaintiff's residence in Cranston, Rhode Island on or about June 24, 2007. Plaintiff immediately notified Bernie's that she did not like the picture quality of the television set. Plaintiff requested that Bernie's "take back" the merchandise; Bernie's complied. Complaint at ¶ 4; Docket # 1-1. Bernie's "issued two credits [to Plaintiff] totaling $2,443.67, leaving a balance of $0." Complaint at ¶ 6. On December 1, 2007, Plaintiff purchased another television set and accessories for $2,417.14 from Bernie's. Plaintiff purchased the merchandise by using her CaptialOne credit card. The television set and accessories were delivered to Plaintiff on or about December 3, 2007.

"Despite the return of the first TV set and accessories and receiving full credit for these purchases, and payment in full for the second TV set and accessories, Plaintiff began receiving bills and/or offers to settle from . . . GE Money Bank, from July 10, 2007 through April 4, 2008 . . . ." Id. at ¶ 8. In November 2008, Plaintiff began receiving letters from Moving Defendants which demanded payment. Plaintiff received a "bill" from National, dated November 24, 2008, "re Arrow for GE Money Bank, claiming $616.21." Id. at ¶ 13. Plaintiff "received a letter from Tate . . . dated July 27, 2009, claiming $703.23, but offering to settle for $281.28." Id. at ¶ 14. Plaintiff received another "letter from Tate . . . dated September 16, 2009, claiming $703.23, but offering to settle for $351.62." Id. at ¶ 15. In a letter dated October 10, 2009, Plaintiff informed

---

[2] The matter was filed in Rhode Island District Court and subsequently removed to this Court.

Tate that "she would not pay anything . . . because she did not owe anything to Bernie's." Id. at ¶ 16. In the October 2009 letter, Plaintiff also requested that Tate forward to Plaintiff "copies of all communications and any other materials sent to Plaintiff from Arrow Financial Services LLC and Bernie's . . . ." Id. Plaintiff alleges that Tate did not forward the information that she requested. On November 7, 2009, Plaintiff sent a second letter to Tate and included "the bill from Capital One showing that the second television set had been paid in full." Id. at ¶ 17. Plaintiff also informed Tate "that if any of the credit bureaus had been notified of the alleged outstanding transaction, then the credit bureaus should be instructed to delete these accounts from their records." Id. In January 2010, Plaintiff followed up with a third letter to Tate. In that letter Plaintiff informed Tate that: (1) she "owed nothing to Bernie's or its successors, GE Money Bank and/or collection agents Arrow Financial Services and National. . . and Northland . . . and Capital[;]" (2) the "credit bureaus be notified that nothing is owing[;]" and (3) she would sue "the Defendants for libel and harassment, if her demands were not met." Id. at ¶ 18.

Notwithstanding Plaintiff's letters to Tate, Plaintiff "received letters from Northland . . . dated April 19, 2010, May 19, 2010, and October 14, 2010, demanding $703.23 but willing to accept less in settlement." Id. at ¶ 31. Plaintiff also "received letters dated March 9, 2011, and May 18, 2011 from Capital . . . demanding $703.23, but willing to take less in settlement." Id. at ¶ 32. Finally, Plaintiff "received a letter from Dynia . . . dated December 21, 2012, demanding $834.47, but willing to accept less in settlement." Id. at ¶ 33. Plaintiff concludes that "one or more or all of the Defendants have wrongfully . . . impaired [her] credit standing and have harassed [her] . . . with the constant wrongful billings, and have tried to collect on a non-existent claim." Id. at ¶ 25.

3

Plaintiff brings four causes of action against Moving Defendants: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); (2) violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); (3) libel; and (4) harassment.

## II. Standard of Review

The only issue for the Court to decide in a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[], the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011). In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir. 2012) (internal quotation marks and citation omitted). The plaintiff is required to "include factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 73 (internal quotation marks and citation omitted).

In evaluating a motion to dismiss, the Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and [determines] if they plausibly narrate a claim for relief." Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012). However, "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action-elements" must be isolated and ignored. Id. "Dismissal for failure to state a claim is appropriate if the complaint does not set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Feingold v. John Hancock Life Insurance Co., 753 F.3d 55, 60 (1st Cir. 2014) (internal quotation marks and citation

omitted).

The Court acknowledges Plaintiff's pro se status and thus reads the complaint liberally. Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir. 2004). Pro se litigants, however, are not excused from compliance with procedural rules and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997). While the Court must grant Plaintiff some leeway because of her pro se status, her complaint must set forth some factual basis to support the claims asserted. Ducally v. Rhode Island Department of Corrections, 160 F. Supp. 2d 220 (D.R.I. 2001).

### III. Analysis

#### A. FDCPA

Moving Defendants first argue that the FDCPA claims should be dismissed because the claims are barred by the statute of limitations. Granting a motion to dismiss based on a statute of limitations defense is appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred. LaChapelle v. Berkshire Life Insurance Co., 142 F.3d 507 (1st Cir. 1998). The FDCPA contains a one-year statute of limitations. Jones v. FMA Alliance Ltd., 978 F. Supp. 2d 84 (D. Mass. 2013); see also 15 U.S.C. § 1692k(d) (FDCPA action "may be brought . . . within one year from the date on which the violation occurs"). Because Plaintiff brought this action in May 2014, the FDCPA statute of limitations bars claims for violations occurring before May 2013. Plaintiff alleges that she received several collection letters from Moving Defendants dated between November 2008 and December 2012. Plaintiff also alleges that she wrote three letters to Tate, the last letter in January 2010. Given the FDCPA's one year statute of limitations, however, any claimed violation of the FDCPA based on these letters is clearly out of

time.

B. TILA

TILA governs consumer credit transactions. Piche v. Clark County Collection Service, LLC, 119 F. App'x 104 (9th Cir. 2004). Plaintiff alleges that "Defendants" violated TILA by "not forwarding the information requested by the Plaintiff . . . ." Complaint at pg. 5. The only Moving Defendant that Plaintiff alleges she requested information from was Tate. As noted above, in October 2009, Plaintiff alleges that she forwarded a letter to Tate requesting "copies of all communications and any other materials sent to Plaintiff from Arrow Financial Services LLC and Bernie's, which it did not do." Id. at ¶ 16. Assuming, without deciding, that this failure to forward the requested information is a violation of TILA, it is out of time. Plaintiff brings this action seeking damages. The statute of limitations for a claim for damages under TILA is one year from the date of the occurrence of the violation. Salois v. Dime Savings Bank of New York, FSB, 128 F.3d 20 (1st Cir. 1997); Karim v. Bank of America, N.A., No. CA 10-519 S, 2011 WL 4457212 (D.R.I. May 6, 2011), report and recommendation adopted, No. CA 10-519 S, 2011 WL 4458765 (D.R.I. Sept. 23, 2011).

C. Libel

To prevail on a claim for libel under Rhode Island law, Plaintiff must prove (1) a false and defamatory statement concerning another; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence; and (4) damages. Mills v. C.H.I.L.D., Inc., 837 A.2d 714, 720 (R.I. 2003) (per curiam). Plaintiff has failed to allege that any one or more of

Moving Defendants published any information to third parties.[3]  Thus, Plaintiff's libel claim cannot survive a motion to dismiss.

### D. Harassment

It appears that Plaintiff bases her harassment claim on the premise that Moving Defendants attempted to collect a debt from her that she did not owe.  Debt collection practices, however, are generally governed by the FDCPA and the Rhode Island Fair Debt Collection Practices Act, ("RIFDCPA"), R.I. Gen. Laws § 19-14.9-1 et seq.  As noted above, any FDCPA claim against Moving Defendants is barred by the one-year statute of limitations.  Likewise, any RIFDCPA claim is barred by a one-year statute of limitations.  See R.I. Gen. Laws § 19-14.9-13(5) ("[a]n action to enforce any liability created by the provisions of this article may be brought . . . within one year from the date on which the violation occurs").

### IV.  Conclusion

For the reasons stated herein, Moving Defendants' motions to dismiss are granted.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
September 5 , 2014.

---

[3] While the complaint includes allegations that other Defendants reported Plaintiff's information to credit bureaus incorrectly, Plaintiff does not allege that any of Moving Defendants incorrectly reported information to a credit bureau.